UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Subpoena issued to Maria Buccellati

BUCCELLATI HOLDING ITALIA SPA
and BUCCELLATI, INC.,

        Plaintiffs,

v.

LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI, and LILIAN AZEL,

        Defendants.
_____/

Misc. No.

Action pending in the U.S. District Court
for the Southern District of Florida,
Case No. 1:13-cv-21297-KMM

LAURA BUCCELLATI, LLC, and
LAURA BUCCELLATI,

        Counterclaim Plaintiffs,

v.

BUCCELLATI HOLDING ITALIA SPA,
BUCCELLATI, INC., GIANMARIA
BUCCELLATI, BUCCELLATI WATCHES SA,
and PAOLO CARRION

        Counterclaim Defendants.
_____/

**DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO COMPEL NON-PARTY MARIA BUCCELLATI TO
<u>COMPLY WITH SUBPOENA</u>**

        Defendants Laura Buccellati LLC, Laura Buccellati and Lilian Azel (collectively "Defendants"), pursuant to Federal Rules of Civil Procedure 45, respectfully move this Court for an order compelling non-party witness Maria Buccellati to appear for her deposition pursuant to the subpoena served upon her on January 7, 2014, granting Defendants the reasonable costs

incurred in bringing the instant application, including attorney's fees, and granting such other and further relief as this Court deems just and proper.

I.   **FACTUAL BACKGROUND**

This trademark infringement action is pending in the United States District Court for the Southern District of Florida, Case No. 1:13-cv-21297-KMM.

Maria Buccellati ("Maria"), the wife of the Buccellati chairman Mr. Andrea Buccellati, and the daughter-in-law of Buccellati patriarch Mr. Gianmaria Buccellati, is at the heart of a central aspect of Defendants' defenses to this lawsuit.

As alleged in Defendants' affirmative defenses, and confirmed in discovery and from review of information available on the internet, Buccellati knowingly permits Maria Buccellati to use the name "Buccellati" to promote her fashion designs.

The actions by Plaintiffs Buccellati Inc. and Buccellati Holding Italia SpA (collectively "Buccellati" or "Plaintiffs") in permitting Maria Buccellati (and other extended family members including the family of Federico Buccellati, www.federicobuccellati.it and www.buccellati.co.jp) to use the Buccellati name, without any form of license agreement, forms a central part of the Defendants' affirmative defenses, including estoppel, unclean hands, and abandonment by permitting use of the marks.[1]

---

[1] As alleged in Defendants' affirmative defenses of estoppel, unclean hands, and abandonment by permitting use of the mark:

> "Since the 1960s through today, Plaintiffs and their predecessors have knowingly permitted Buccellati family members with the same last name to use the Buccellati name and to use the family member's full name (including the last name Buccellati) to advertise, promote, and identify goods in the jewelry and fashion industries, including but not limited to permitting Gianmaria Buccellati's brothers' families to use the names Mario Buccellati and Federico Buccellati, and permitting Gianmaria Buccellati's daughter-in-law (Andrea Buccellati's wife) to use the names Buccellati and Maria Buccellati, in addition to Plaintiffs' and their predecessors' own use of the names Gianmaria Buccellati and Mario Buccellati to identify their own products, and their actions have caused the mark Buccellati to

2

Rather cooperating with discovery of such a key witness and making her available for deposition, Plaintiffs have done everything possible to block discovery and to prevent her deposition, by refusing to accept service of a subpoena on her. Only because of their obstructionist tactics, Plaintiffs were compelled to go to the expense and trouble of personally serving her. Bordas Dec., at 5.

Maria Buccellati maintains a significant presence in New York both personally, and professionally as the U.S. brand representative of a Faith Connexion, a high end fashion line, and she regularly travels to New York to transact business including meeting with and supporting her customers in New York, including Bergdorf Goodman, Neiman Marcus, and Intermix. Bordas Dec., at 3.

On January 7, 2014, Defendants served Maria in New York City with a subpoena to appear for a deposition in New York City on January 13, 2014, for which she failed to appear. Bordas Dec., at 2.

Accordingly, this Court should enter an order compelling her to appear for deposition, and awarding attorneys fees and cost incurred for the bringing of this motion.

Specifically, on January 7, 2014, Maria was personally served with a subpoena as she was exiting a hospital in New York City. When she refused to take the papers from the process server, she was informed it was a subpoena and it was placed at her feet, purposefully continuing to attempt to avoid service. Bordas Dec., at 2.

Plaintiffs' counsel David Friedland, Esq. telephoned Defendants' counsel Albert Bordas, Esq. the same day, and acknowledged that legal papers had been given directly to Maria Buccellati but that she had refused to take them and that they had been put at her feet. Bordas

---

lose its significance as a mark, and have caused the name Buccellati alone to lose its significance as an indication of origin." (Docket No. 69).

Dec., at 2. Defendants' counsel sent a copy of the subpoena by email to Buccellati's counsel, and made clear to Buccellati's counsel that her appearance was expected. Bordas Dec., at 2.

In response, Buccellati's counsel wrote to undersigned counsel stating that Maria Buccellati would not appear, because Buccellati's counsel was contesting service of the subpoena. Bordas Dec., at 5.

Buccellati's counsel did not file a motion for protective order prior to the deposition. Instead, Maria Buccellati willfully failed to appear for her deposition, in blatant disregard of the subpoena served upon her. Bordas Dec., at 6.

On January 23, 2014, in the United States District Court for the Southern District of Florida, Defendants' counsel moved for an order compelling non-party witness Maria Buccellati to appear for her deposition pursuant to the subpoena served upon her on January 7, 2014. On January 27, 2014, the Court denied the motion without prejudice to re-file in New York on the ground that the motion should be heard in the first instance in New York.

II.  **ARGUMENT**

Under Federal Rule of Civil Procedure Rule 45 (g), an application for an order to compel a nonparty witness to appear for a deposition shall be made in the district where the discovery is to be taken. The court can then either direct an order compelling the deposition, or can transfer the dispute to the issuing court in the interests of justice, judicial efficiency, and consistency. Stanziale v. Pepper Hamilton LLP, No. M8-85 (PART I) (CSH), 2007 WL 473703, at *3-5 (S.D.N.Y 2007). Here, Maria Buccellati was served with a subpoena to be deposed in New York, New York, within the boundaries of the United States District Court for the Southern District of New York. As such, the present motion is properly brought before this Court.

It is well-established that where a non-party witness with relevant testimony refuses or otherwise fails to appear for her deposition pursuant to a properly-issued subpoena, said witness

4

can be subject to a court order compelling such compliance, and entering sanctions for behavior. See First American Corp. v. Price Waterhouse LLP, 154 F.3d 16, 23-24 (2nd Cir. 1998); In re Shur, 184 B.R. 640, 641 (Bankr. E.D.N.Y. 1995).

Given that Maria Buccellati did not file a motion to quash or for protective order,[2] Defendants' burden on a motion to compel her appearance is notably light. A failure of a witness to timely object to a subpoena constitutes a waiver of any objections. Application of Sumar, 123 F.R.D. 467, 472 (S.D.N.Y. 1988).

A.  *Service of the Subpoena was Proper*

Federal Rule of Civil Procedure Rule 45(b)(1) provides as follows:

> (1) By Whom and How; Tendering Fees. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

A subpoena may be served anywhere in the United States, and presence in the district is sufficient to subject that person to service of a subpoena. Moore's Federal Practice, ¶ 45.22[1]; Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., No. 99 Civ. 9623 (RWS), 2006 WL 1311967, at *1-3 (S.D.N.Y. 2006); Agran v. City of New York, 1997 WL 107452, at *1 (S.D.N.Y. 1997)). Here, the affidavit of service shows that the process server, Hector Figueroa, served the subpoena on Maria Buccellati by informing her that he had a subpoena and attempting to hand it to her, and then when she refused to accept it by placing it at her feet. Bordas Dec., Ex. 2. After

---

[2] To be timely, a motion to quash must be made prior to the return date of the subpoena. See Estate of Ungar v. Palestinian Authority, 451 F.Supp.2d 607 (S.D.N.Y. 2006) (to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.); U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc., 238 F. Supp. 2d 270 (D.D.C. 2002) (a motion to quash subpoena made after the return date of subpoena was not "timely," in context of procedural rule permitting the court to quash a subpoena)

she was served, Plaintiffs' counsel David Friedland, Esq., confirmed to Defendants' counsel that a process server had attempted to give legal papers to her, and that the papers had been put at her feet. Under applicable New York, Florida and federal law, such service is valid. See Heritage House Frame & Moulding Co., Inc. v. Boyce Highlands Furniture Co., Inc., 88 F.R.D. 172 (E.D.N.Y. 1980) (process server merely has to tender summons to appropriate individual and tendering summons includes, not only hand delivery directly to defendant, but also hand delivery near defendant); Pers. Sys. Int'l, Inc. v. Clifford R. Gray, Inc., 146 A.D.2d 831, 832, 536 N.Y.S.2d 237 (3d Dep't 1989) (when a person to be personally served under New York service of process rules resists such service, a process server can properly make delivery by leaving the summons within the vicinity of the person to be served, provided the latter is made aware of the former's intent to so leave the papers); Olin Corp. v. Haney, 245 So.2d 669 (Fla. 4th DCA 1971) (delivery requirement is met if person to be served flees from the presence of the process server in a deliberate attempt to avoid service of process and the process server leave the papers at a place where such person can easily retrieve them) (relying upon Roth v. Cowan, 97 F.Supp. 675 (E.D.N.Y. 1951) (service is properly served if the process server attempt to deliver it, but the person refuses to accept serve, and the process server puts it down in the presence of the defendant)); Levine v. Nat'l Transp. Co., 204 Misc. 202, 125 N.Y.S.2d 679 (Queens Cty. Sup. Ct. 1953), aff'd sub nom., Levine v. Nat'l Transp. Co., Inc., 282 A.D. 720, 122 N.Y.S.2d 901 (2d Dep't 1953) (finding good service where papers were left lodged in car window when recipient refused to unlock their car).

    B.    *The Location of the Deposition is Proper*

Federal Rule of Civil Procedure 45(c) provides in pertinent part:

>   (c) Place of Compliance.
>
>   (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

6

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person.

In determining whether a non-party witness regularly transacts business in a jurisdiction a Court "need not decide whether the witness is subject to the forum's jurisdiction. In considering when a non-party witness may be commanded by subpoena to appear . . . the court does not consider the forum state's power or the notice to the witness, but only the burden to the witness of being required to physically appear." Halliburton Energy Servs., Inc. v. M-I, LLC, 2006 WL 2663948 (S.D. Tex. Sept. 15, 2006) citing Regents of the Univ. of Cal. v. Kohne, 166 F.R.D. 463, 464 (S.D.Cal.1996) (holding that regularly business trips to a jurisdiction are sufficient to find regular transaction of business).

Maria Buccellati is an account development executive for the United States for Faith Connexion, and she is regularly transacting business in New York, personally meeting with clients in New York such as Bergdorf Goodman, Neiman Marcus, and Intermix, to sell the Faith Connexion brand and to support her clients, discuss products, conduct clinics, and train staff. She regularly attends the fashion industry's Market Week in New York, which takes place in New York fourth times a year, and the Fashion Week events which take place in New York twice a year. She has also had trunk shows in New York at Bergdorf Goodman to sell and promote her own fashion line. She combines her business trips with personal matters given that her daughter and newborn granddaughter reside in New York City, and she was present for the birth in New York City in December, 2013. Bordas Dec., at 3-5. Accordingly, given her business and personal activities in New York, there is no undue burden in compelling her deposition in New York. Given that the deposition was scheduled to take place in New York City where she regularly transacts business, and there was no undue burden in taking her deposition there, the location of the deposition was proper, and she should have appeared.

### D. *Defendants Have Offered to Take Maria Buccellati's Deposition in Italy*

In a good faith attempt to resolve this discovery dispute without the necessity of court intervention, Defendants have gone to extraordinary lengths to address the issues raised by Plaintiffs in response to the subpoena served upon Maria Buccellati, including offering to take Maria Buccellati's deposition in Milan, Italy, at a mutually agreeable date, during the Defendants trip to Italy to take other depositions. Nevertheless, Plaintiffs have unreasonably rejected this offer, and continue to attempt to block discovery.

Defendants have offered to travel to Italy to take the depositions of three other witnesses, namely, Thierry Andretta, Gianmaria Buccellati and Marco Carotenuto. The depositions of Marco Carotenuto and Gianmaria Buccellati are the subject of separate pending motions before the United States District Court for the Southern District of Florida. The dates for the Italy depositions have not yet been set, because Defendants were awaiting resolution of the issue of whether they will be able to take the depositions of Mr. Carotenuto and Mr. Gianmaria Buccellati on the same trip.[3] Defendants have offered to take the deposition of Maria Buccellati on the same trip, and Defendants remain ready, willing and able to do so.

This Court has broad discretion in this regard, and may order that the subpoena be modified rather than quashed to set alternative conditions for compliance. Modification is generally the preferred method over quashing, "where the scope of the subpoena or the conditions for compliance may be merely altered by the court to protect the person subject to the subpoena, while also preserving the party's interest in seeking the production or testimony." Moore's Federal Practice § 45.50[5].

---

[3] The Magistrate Judge recently ruled on January 21, 2014, that Defendants will not be permitted to take the deposition of Mr. Carotenuto.

8

D. *Testimony is Relevant and Necessary*

While Defendants need not justify their need for Maria Buccellati's deposition in the absence of a timely motion to quash, the relevance of Maria's testimony is beyond cavil. Her activities are central to the heart of several of Defendants' affirmative defenses. As alleged in Defendants' pleadings, Buccellati, until recently controlled by Maria Buccellati's father-in-law Gianmaria Buccellati, brought this lawsuit to coerce Laura Buccellati to stop using her own name to sell leather handbags. He did this at a time when he was knowingly permitting his daughter in law Maria Buccellati to promote her fashion designs using the Buccellati name, without any license agreement or control over her activities. The company's CEO, Alberto Milani, even attended a promotional trunk show with Maria Buccellati at the Bergdorf Goodman department store in New York, where Buccellati sells it jewelry, and Maria Buccellati was promoting her fashion designs. Bordas Dec., at 4. These facts are central to Defendants' affirmative defenses of estoppel, unclean hands, and abandonment by permitting use of the mark. Counsel is entitled to take her deposition to determine and investigate further the extent of her promotional activities using the Buccellati name, and the company's acquiescence to her activities.

E. *Sanctions are Warranted*

Maria Buccellati had no valid reason for failing to appear for her deposition on January 13, 2014. Accordingly, in addition to compelling her deposition, defendants should be awarded their attorneys fees and costs incurred in bringing this motion. See Shulton, Inc. v. Optel Corp., 126 F.R.D. 80, 82 (S.D. Fla. 1989) (the failure to respond to a properly served subpoena is presumed to be willful disregard of same), citing Matter of Certain Complaints Under Investigation, 783 F.2d 1488 (11th Cir.1986), cert. denied, Hastings v. Godbold, 477 U.S. 904, 106 S.Ct. 3273, 91 L.Ed.2d 563 (1986) (pursuant to Rule 45(f), a non-party may be found in

9

contempt for disregarding the subpoena or failing to file a timely motion to quash); JAT, Inc. v. Nat'l City Bank of the Midwest, 2008 WL 1820841 (E.D. Mich. 2008) ("Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash").

### III.  CONCLUSION

For all the foregoing reasons, defendants Laura Buccellati, LLC, Laura Buccellati and Lillian Azel respectfully request that this Court grant their motion to compel the deposition of Maria Buccellati and for their reasonable costs incurred in bringing the instant application, including attorneys' fees, as well as such other relief as this Court deems just and proper. For the Court's convenience, a proposed Order is attached as Exhibit "13" to the Bordas Declaration.

Dated: New York, New York
January 31, 2014

Respectfully submitted,

By: /s/ Emily D. Anderson
David T. Azrin (DA4747)
Emily D. Anderson (EA8646)
GALLET DREYER & BERKEY LLP
845 Third Avenue, 8th Floor
New York, NY 10022
Tel. (212) 935-3131
Fax. (212) 935-4514